**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DELSO FERREIRA,** | : | |
| **Petitioner** | : | **No. 1:23-cv-01527** |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **R. THOMPSON, Warden of LSCI** | : | |
| **Allenwood,** | : | |
| **Respondent** | : | |

## <u>MEMORANDUM</u>

Presently before the Court is pro se Petitioner Delso Ferreira ("Ferreira")'s petition for a writ of habeas corpus under 28 U.S.C. § 2241.  For the reasons set forth below, the Court will dismiss the petition as moot.

## I.    BACKGROUND

Ferreira commenced this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241, which the Clerk of Court docketed on September 14, 2023.  (Doc. No. 1.)[1]  At the time Ferreira filed his petition, he was incarcerated at Federal Correctional Institution Allenwood Low ("FCI Allenwood Low").  <u>See</u> (<u>id.</u> at 12).  In his petition, Ferreira asserted that FCI Allenwood Low officials improperly designated him as ineligible to earn time credits under the First Step Act of 2018 ("FSA").  <u>See</u> (<u>id.</u> at 1).

On November 15, 2023, the Court issued an Order which, <u>inter alia</u>, directed Respondent to file a response to Ferreira's habeas petition.  <u>See</u> (Doc. No. 8).  Respondent filed a timely

---

[1] When he filed his petition, Ferreira neither sought leave to proceed <u>in forma pauperis</u> nor remitted the filing fee.  He later paid the filing fee.  <u>See</u> (Unnumbered Docket Entry Between Doc. Nos. 3 & 4).

response in opposition to the petition on December 5, 2023.  (Doc. No. 10.)  Ferreira did not file a reply brief in further support of his petition.

In February 2026, the Court conducted a search on the Federal Bureau of Prisons' Inmate Locator (https://www.bop.gov/inmateloc/) to determine whether Ferreira was still incarcerated. The Inmate Locator indicated that Ferreira was released from federal incarceration in March 2025.  As such, the Court issued an Order on February 24, 2026, which, inter alia, required Ferreira to show cause within twenty days, i.e., by Monday, March 16, 2026, why the Court should not dismiss his Section 2241 habeas petition as moot due to his apparent release from incarceration.  See (Doc. No. 13).  The Court also warned Ferreira that if did not timely respond to the Order, the Court would deem him to be unopposed to the dismissal of his habeas petition as moot.  See  (id. at 3).  Ferreira has not responded to this Order despite the passage of more than twenty days, and he has not sought an extension of time to file a response.  Moreover, on March 12, 2026, the Clerk of Court docketed the envelope containing the Court's February 24, 2026 Order, which was sent to Ferreira at his address of record.  See (Doc. No. 8).  It was returned to the Clerk of Court as undeliverable due to Ferreira's release from incarceration in March 2025.  See (id.).

## II.      DISCUSSION

"Article III of the [United States] Constitution limits federal 'judicial Power' to the adjudication of 'Cases' or 'Controversies.'"  Abreu v. Superintendent Smithfield SCI, 971 F.3d 403, 406 (3d Cir. 2020) (quoting Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 137 (3d Cir. 2009)).  "For a case or controversy to exist, a petitioner, throughout each stage of the litigation, 'must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.'"  Id. (quoting DeFoy v.

McCullough, 393 F.3d 439, 442 (3d Cir. 2005)).  Consequently, "a habeas corpus petition generally becomes moot when a prisoner is released from custody because the petitioner has received the relief sought."  See id. (citing DeFoy, 393 F.3d at 441); see also Hamilton v. Bromley, 862 F.3d 329, 335 (3d Cir. 2017) (explaining that mootness is "a doctrine that 'ensures that the litigant's interest in the outcome continues to exist throughout the life of the lawsuit,' and which is 'concerned with the court's ability to grant effective relief'" (quoting Freedom from Religion Found. Inc. v. New Kensington Arnold Sch. Dist., 832 F.3d 469, 476 (3d Cir. 2016) and County of Morris v. Nationalist Movement, 273 F.3d 527, 533 (3d Cir. 2001))).

Nevertheless, a petitioner who has been released from custody "may obtain judicial review of a [habeas] petition by showing that [they] continue[] to suffer from secondary or collateral consequences of [their] conviction."  See Abreu, 971 F.3d at 406 (citations omitted). Generally speaking, "collateral consequences will be presumed when the [petitioner] is attacking [their] conviction while still serving the sentence imposed for that conviction [and] . . . where the[y are] attacking that portion of [their] sentence that is still being served."  See id. (citing United States v. Jackson, 523 F.3d 234, 242 (3d Cir. 2008)).  Once a petitioner has been released, however, the Court does "not presume that a conviction carries collateral consequences."  See Abreu, 971 F.3d at 406 (citing Burkey v. Marberry, 556 F.3d 142, 148 (3d Cir. 2009)).  Instead, the Court "must 'address[] the issue of collateral consequences in terms of the 'likelihood' that a favorable decision would redress the injury or wrong.'"  See id. (quoting Burkey, 556 F.3d at 148).  For that reason, "[i]t is not enough if 'collateral consequences proffered by the petitioner' amount to 'a possibility rather than a certainty or even a probability.'"  See id. (quoting Burkey, 556 F.3d at 148).

3

In this case, Ferreira is not currently incarcerated in a BOP facility.  As such, the instant petition in which he challenges his eligibility for earned time credits under the First Step Act is mooted due to his release from BOP incarceration.  Although Ferreira could still potentially obtain judicial review if he showed that he continues to suffer from secondary or collateral consequences, he has failed to make such a showing by responding to the Court's Order. Accordingly, the Court concludes that Ferreira's Section 2241 petition is moot.

## III.    CONCLUSION

Accordingly, for the foregoing reasons, the Court will dismiss Ferreira's Section 2241 petition as moot and direct the Clerk of Court to close this case.  An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania